UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BROWN, II,<br><br>                Plaintiff,<br><br>        v.<br><br>OFFICER M. KING, et al.,<br><br>                Defendants. | Case No. 1:18-cv-01009-DAD-SAB (PC)<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS<br><br>(ECF No. 5)<br><br>**THIRTY-DAY DEADLINE** |

**I.**

**INTRODUCTION**

Plaintiff William Brown, II, is a state prisoner proceeding pro se in this civil rights matter pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on July 26, 2018 by filing a complaint. (ECF No. 1.)

On August 9, 2018, Plaintiff filed an application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. (ECF No. 5.) The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

1  Plaintiff's application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915 is currently before the Court.

## II.

## LEGAL STANDARD

The Prison Litigation Reform Act of 1995 (PLRA) was enacted "to curb frivolous prisoner complaints and appeals." Silva v. Di Vittorio, 658 F.3d 1090, 1099-1100 (9th Cir. 2011). Pursuant to the PLRA, the in forma pauperis statue was amended to include section 1915(g), a non-merits related screening device which precludes prisoners with three or more "strikes" from proceeding in forma pauperis unless they are under imminent danger of serious physical injury. 28 U.S.C. § 1915(g); Andrews v. Cervantes, 493 F.3d 1047, 1050 (9th Cir. 2007). The statute provides that "[i]n no event shall a prisoner bring a civil action … under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

## III.

## DISCUSSION

The Court finds that Plaintiff has incurred three or more strikes under section 1915(g) prior to filing this lawsuit. The Court takes judicial notice of the following cases: (1) William Odessa Brown, II v. Mule Creek State Prison, et al., No. 03-cv-02365-GEB-GGH (E.D. Cal. June 13, 2005) (civil rights complaint dismissed for failure to state a claim upon which relief may be granted); (2) William Odessa Brown, II v. California Department of Corrections, et al., No. C 05-2067 CW (PR) (N.D. Cal. Jan. 25, 2006) (civil rights action dismissed for failure to state a claim); (3) William Odessa Brown, II v. Salinas Valley State Prison, No. C 05-2776 CW (PR) (N.D. Cal. Jan. 25, 2006) (civil rights action dismissed for failure to state a claim).

The issue now becomes whether Plaintiff has met the imminent danger exception, which requires Plaintiff to show that he is under (1) imminent danger of (2) serious physical injury and which turns on the conditions he faced at the time he filed his complaint. Andrews, 493 F.3d at

1053-1056. Conditions which posed imminent danger to Plaintiff at some earlier time are immaterial, as are any subsequent conditions. Id. at 1053. While the inquiry is merely procedural rather than a merits-based review of the claims, the allegations of imminent danger must still be plausible. Id. at 1055.

Here, Plaintiff claims that he was improperly placed under close custody housing conditions. The Court finds that Plaintiff's complaint allegations do not meet the imminent danger exception. Andrews, 493 F.3d at 1053. Plaintiff has not shown that he is at risk of any serious physical injury. Rather, he seeks damages related to his housing custody status. Accordingly, Plaintiff is ineligible to proceed in forma pauperis in this action, and he should be required to pre-pay the $400 filing fee to proceed in this case.

## IV.

## CONCLUSION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 5) be denied; and

2. Plaintiff be required to pay the $400.00 filing fee within thirty (30) days of service of the Court's order adopting these Findings and Recommendations.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **thirty (30) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

///

///

///

Plaintiff is advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __**August 14, 2018**__

_____
UNITED STATES MAGISTRATE JUDGE